Res, J.
The power of the courts to correct, amend, and relieve against errors, defects, and mistakes in deeds of hus *160 bands and wives, intended to convey or incumber tbe lands- or estate of the wife, is derived from the act “ to give additional security to land-titles in this state,” as amended April J 7,1857 (S. & C. 694), and the question presented for determination is: Does this case come within the provisions of the act?
The act, there can be no doubt, was intended to apply as well to errors, defects, and mistakes in the acknowledgment of deeds of married women as to the operative words of the conveyance or the body of the deed. It makes no distinction between errors and defects in the execution and in the body of the deed, but speaks generally of errors, defects, or mistakes occurring in the deed of husband and wife. The acknowledgment of a deed by a married woman, in the form required by the statute, is as indispensable to its validity as a conveyance of her absolute title, or of her dower-estate in lands, as the insertion of her name in the body of the deed, and it is difficult to see how an error or defect in the one would differ in legal effect from an error or defect in the other. Goshorn v. Purcell, 11 Ohio St. 641; Smith v. Turpin et al., 20 Ib. 478.
In each of the cases above cited, the defect consisted in the omission of tbe name of the wife in the granting clause-of the deed, which left the wife’s estate in the premises intended to be conveyed, unaffected by the conveyance. The effect of the mistake in this case is the same, and if it be found that such effect is contrary to the intention and understanding of the parties, and the mistake such a one as in equity ought to be corrected, the provisions of the act are, we think, broad enough to furnish a remedy.
The inspection of the deed, and the evidence properly admitted in the case, in our opinion, show clearly and conclusively that it was the intention of Samuel Ward and Mary Ann, his wife, by the deed signed by them, to convey to John H. Lane their entire interest and estate in and to the premises described in it, and that this intention was defeated by the defect in the acknowledgment. The terms used in the body of the deed are sufficient in law to convey *161 their entire estate in fee-siínple; a full consideration was received by them from the grantee for the premises; John H. Lane and his grantees have been in the undisturbed possession thereof for a period of twenty-two years, during the whole of which time the grantors, Ward and wife, resided in their immediate vicinity, and Mary Ann Ward has repeatedly admitted, since the execution of the deed, that she received a full consideration for the premises from Lane, and deeded them to him, and declared that she had no further .claim upon the premises, “and would have none.”
Under this state of the case, is it at all probable that Ward and wife only intended to convey to Lane the life estate of the husband in the premises? We think not; and we are further of opinion, that the evidence shows clearly that the defect in the acknowledgment was contrary to the intention of the parties, and that the court did not err in granting the relief asked for by the defendant in érror.
On the trial in the court below, there was evidence showing the loss of the original deed from Ward and wife to Lane, which was permitted by the court to be supplied, by a copy attached to a petition filed by the plaintiffs in error, against the defendant in error, in the Court of Common Pleas of Hamilton county, to recover the possession of the same premises, and which professed to set out a true copy of the original deed. The court also permitted the records of the county, containing a record of the deed, to be given in evidence. The original deed being lost, we do not think the court erred in admitting the evidence.
The court also permitted the plaintiff below to testify to-admissions made to her by Mary Ann Ward in relation to-the effect intended by her, by the deed made to John H. Lane, which testimony, we think, was improperly admitted.. Under the provisions of section 318 of the code of civil procedure, as amended March 23, 1875, and in force at the-time of the trial, she was incompetent to testify to such *162 admissions. As there was other competent testimony sufficient to establish the same facts, the exclusion of her testimony could not have affected the result, and as the case was tried to the court, we do not think the defendants below were prejudiced thereby.

Leave refused.

McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.